**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD ARAGON,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>   Defendant. | No. CIV 10-307-TUC-CKJ<br><br>**ORDER** |

On July 1, 2011, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R & R") (Doc. 19) in which he recommended this Court enter an order denying Plaintiff's request to reverse the Commissioner's final decision and dismiss the case. Plaintiff has filed Objections to the Report and Recommendation (Doc. 20) and Defendant has filed a Response to the Objections (Doc. 21).

*Magistrate Judge's Recitation of the Procedural and Factual Histories*

While Plaintiff Richard Aragon ("Aragon") disputes the significance and weighing of findings, Aragon does not dispute the magistrate judge's recitation of the procedural and factual histories. The Court accepts the procedural and factual histories as stated by the magistrate judge.

*Standard of Review*

The findings of the Commissioner are meant to be conclusive, 42 U.S.C. §§ 405(g),

1383(c)(3), and a decision to overturn a denial of benefits is appropriate only if the denial "is not supported by substantial evidence or [if the denial] is based on legal error." *Matney v. Sullivan*, 981 F2d 1016, 1019 (9th Cir. 1992), *citations omitted*; *Lockwood v. Comm'r*, 616 F3d 1068 (9th Cir. 2010); *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). The standard is less than a "preponderance of the evidence" standard. *Matney*, 981 F.2d at 1019. Further, a denial of benefits is to be set aside if the Commissioner has failed to apply the proper legal standards in weighing the evidence even though the findings may be supported by substantial evidence. *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir. 2002). Indeed, this Court must consider both evidence that supports, and evidence that detracts from, the conclusion of the Administrative Law Judge ("ALJ"). *Frost*, 314 F.3d at 366-67; *see also Bray v. Commissioner of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1225 (9th Cir. 2009).

*ALJ's RFC Finding Supported by Substantial Evidence*

Aragon asserts that substantial evidence does not support the ALJ's Residual Functional Capacity ("RFC") assessment and objects to the magistrate judge's recommendation that the Appeals Council evidence did not show that substantial evidence does not support the ALJ's decision. However, the issue is not "whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled. *Jamerson v. Chater*, 112 F3d 1064, 1067 (9th Cir. 1997).

As discussed by the magistrate judge, the ALJ found that Aragon suffered from a severe impairment. However, the 2008 evidence did not address Aragon's ability to perform

frequent reaching and handling, and frequent or occasional fingering. Although on January 21, 2008, Dean H. Branson, Jr., D.O., diagnosed cervical spine stenosis and lumbar radiculopathy, that evidence does not establish that Aragon was unable to perform the range of light work of which the ALJ found him capable, i.e., cashier and retail sales clerk. Indeed, in determining disability, the proper focus is a claimant's functional limitations, not the claimant's diagnosis. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Furthermore, other evidence supported the ALJ's conclusion that Aragon's limitations were minimal. The physicians who evaluated Plaintiff after his allegedly disabling electrocution injury apparently told him there was "nothing wrong" with him (Tr. 251). Dennis Thrasher, M.D., examined Aragon on October 25, 2006, and found that he had intact sensation and normal strength, could perform medium work, and could frequently reach, handle, finger, and feel (Tr. 251-56). Robert Estes, M.D., and John Fahlberg, M.D., state agency physicians, found Aragon did not have an impairment that was severe, i.e., that significantly affected his ability to do basic work activities. *See* 20 C.F.R. § 416.921. The Court finds substantial evidence supported the ALJ's RFC decision.

*Onset Date of Disability*

Aragon objects to the magistrate judge's recommendation that the ALJ's errors regarding the onset date of disability be viewed as harmless. First, Aragon points out that he had applied for benefits in approximately 2004, rather than in 2006 as found by the ALJ. This Court agrees with the magistrate judge that "[t]he two-year differential in filings, 2004 rather than 2006, is inconsequential to the point the ALJ was making – Aragon waited many years, seven not nine, to file for disability from the time he was unable to work." R & R, p. 9.

Citing *Sarchet v. Chater,* 78 F.3d 305, 308 (7th Cir. 1996), Aragon also argues that a claimant is not "not credible" if he does not seek public benefits at the earliest opportunity. However, rather than making a uniform rule, it appears the Seventh Circuit was simply

determining that it would take "a hard look at the opinions of ALJs which conclude that a claimant's testimony is not credible because the claimant did not apply for disability benefits until other benefits ran out[.]" Social Security Disability Law & Procedure in Federal Court § 6:28. As summarized by the magistrate judge:

> The ALJ's finding that Aragon was not entirely credible regarding his pain and limitations was based on the medical evidence; his failure to seek immediate medical attention, stop working and obtain Worker's Compensation from his 1997 accident; his failure to get medical attention for four years after he stopped working; his lack of medication despite complaints of chronic pain; his failure to see a neurologist for a neurological impairment; his failure to apply for disability for nine years; and the fact that he continues to drive and attend hunting trips despite his allegations of being markedly limited in his ability to sit, stand and walk.

R & R, p. 16, *citing* Administrative Record ("AR"), pp. 24-25. The ALJ appropriately considered the evidence before it, including Aragon's history. This Court agrees with the magistrate judge that any legal or factual errors were harmless and that, even if the ALJ should not have considered that Aragon did not earlier seek disability benefits, the ALJ's credibility finding was supported by clear and convincing evidence. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding harmless a singular error when ALJ provided numerous reasons for credibility finding).

*Reliance on Dr. Silver's Report*

Aragon asserts that the magistrate judge unreasonably relied on the remote report of Dr. Silver. The magistrate judge stated:

> In light of his alleged 2005 onset date, and 2006 filing date, Aragon argues that, although the ALJ could consider Dr. Silver's 1997 report, he erred in finding it relevant or dispositive regarding his condition, his credibility and his RFC. The ALJ recounted Aragon's medical history to the extent provided in the record, beginning with his back injury in 1982, his electrocution in 1997, and all available subsequent records. (AR 21-22.) In evaluating Dr. Thrasher's 2006 findings, the ALJ noted they were consistent with Dr. Silver's 1998 objective findings. (AR 24.) That was the only basis for which the ALJ relied on Dr. Silver's examination; it was minimally relevant to his credibility finding. Dr. Silver did not opine on Aragon's functional limitations and the ALJ did not explicitly rely on anything from Dr. Silver in determining Aragon's RFC. It was reasonable for the ALJ to assess Plaintiff's impairment(s) in light of his entire history, and Aragon has not pointed to any legal error committed by the ALJ.

- 4 -

1  R & R, p. 10.  Although the ALJ also recognized that Dr. Escobar found Aragon more
2  restricted than Drs. Thrasher and Silver, AR, p. 24, this Court agrees with the magistrate
3  judge's conclusions – the ALJ set forth Aragon's medical history and, in evaluating Dr.
4  Thrasher's findings, noted they were consistent with Dr. Silver's findings.  Aragon has not
5  pointed to any legal error in the ALJ assessing Aragon's impairment in light of Aragon's
6  entire history.

*Consideration of Prior ALJ's Decision*

In his Opening Brief, Aragon asserted:

> Fourth, the ALJ could not fairly deny benefits based on facts adjudicated by the prior ALJ unless the ALJ entered into the record the prior ALJ's decision as well as all of the evidence related thereto. The record before the ALJ did not include either.

Opening Brief, p. 13.  In addressing this assertion, the magistrate judge stated:

> Aragon failed to point out any prior factual adjudications upon which the ALJ relied. The Court finds the record is void of any such reference.  Hence, there is no support for Aragon's claim that the ALJ relied upon a prior administrative decision.

R & R, p. 10.  Aragon now clarifies his argument to point out that the Ninth Circuit has determined that "it matters what a prior ALJ found." Objections, p. 6.  The Ninth Circuit has stated:

> In *Chavez*, we observed that principles of res judicata apply to administrative decisions regarding disability and impose an obligation on the claimant, in instances where a prior ALJ has made a finding of non-disability, to come forward with evidence of "changed circumstances" in order to overcome a presumption of continuing non-disability.  *Id*. at 693.  We also explained that a previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge. *Id*. at 694.

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008), *citing Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).  Although Aragon does not provide any authority for his conclusory statement that the ALJ was responsible for obtaining the prior decision, the Court acknowledges that HALLEX I-5-4-60, Attachment, No. 15, indicates it is the responsibility of the adjudicator to obtain a copy of the prior decision.

- 5 -

However, the Acquiescence Ruling states:

> Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Acquiescence Ruling 97-4(9). The record clearly establishes that new and material evidence was considered in this case (e.g., examination by Dr. Thrasher, examination by Dr. Pedro Luis Escobar, examination by Dr. Branson, 2008 MRI, chiropractor treatment from November 2005 to March 2007. Moreover, HALLEX I-5-4-60, Attachment, No. 10, specifically states that a finding regarding credibility is not included in the sequential evaluation process as addressed by the Acquiescence Ruling. The Court finds that any error in the ALJ not obtaining the prior ALJ decision was harmless.

*ALJ's Evaluation of Dr. Escobar's Opinions*

Aragon objects to the magistrate judge's recommendation to affirm the ALJ's rejection of Dr. Escobar's July 2007 opinions. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Applicable regulations set forth the factors considered in determining the weight to be given a medical opinion:

> (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
>
> (2) Treatment relationship. . .
>
> (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

20 C.F.R. §§ 404.1527(d) and 416.927(d); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).[1]

In evaluating Dr. Escobar's opinions, the ALJ stated:

The undersigned has considered Dr. Escobar's opinion but finds that it is not supported by the objective medical evidence. As has been previously discussed, the objective evidence in the record does not support the finding of marked functional limitations. Accordingly, it is due little probative weight. Furthermore, the undersigned notes that Dr. Escobar's evaluation was somewhat inconsistent with the other evidence in the record. It is unclear why the claimant would suddenly, without an intervening injury, have restricted range of motion in 2007 after years of unrestricted range of motion earlier on. Although the record is silent on the matter, it is possible that the evaluation was purchased by the claimant with the hope of bolstering his claim for disability. If this were the case, there would be reason to question the objectivity of the report's conclusions.

AR, p. 25. The ALJ considered whether the examining physicians' opinions were supported by medical evidence and whether they were consistent with other opinions and Aragon's history. *See* R & R, pp. 11-13 (discussing ALJ's evaluation of Dr. Escobar's opinions). Indeed, as previously stated, the Court finds it appropriate that the ALJ considered Aragon's history, including the report of Dr. Silver, in evaluating the evidence. Moreover, while the Court does not disagree with Aragon's assertions that speculation is not evidence, *White ex*

---

[1]The Court notes that, as argued by Aragon, the ALJ did not specifically state he was considering the expertise of Dr. Escobar. Consideration of specialization is appropriate. However, Aragon has not pointed to any authority that requires an ALJ to list each specific factor considered.

*rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999), and that an ALJ generally may not reject a physician's opinion based on its purpose, *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996), the ALJ stated reasons for his conclusions that did not involve speculation.

Although the ALJ did not discuss the Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome ("RSDS/CRPS"), the ALJ set forth specific and legitimate reasons, supported by substantial evidence, to reject Dr. Escobar's opinion. The ALJ also stated that, "although Dr. Thrasher found that the claimant retained the capacity for medium level exertion, and state agency medical consultants found that the claimant's impairment was "not severe," the undersigned, having carefully considered all of the medical evidence in the record , as well as the claimant's testimony at the hearing and the statements of the claimant's friends and relatives, finds that the claimant, though not disabled, is more significantly limited than had been earlier been found." AR 25. In other words, the ALJ considered the medical opinions, including those more recent ones of Drs. Escobar, Thrasher, Estes, and Fahlberg, to conclude that Aragon is more limited than previously found. Moreover, this appears to recognize Social Security Ruling ("SSR") 03-2P which provides that RSDS/CRPS signs are not present continuously. The Court will adopt this portion of the Report and Recommendation.

*Lay Witnesses*

Aragon asserts that the ALJ did not provide legally sufficient reasons for rejecting the statements of the lay witnesses. However, this Court agrees with the magistrate judge's finding that the ALJ did not reject the statements of the lay witnesses:

> Contrary to Aragon's argument, the ALJ credited and gave weight to the testimony of the lay witnesses. The ALJ provided specific reasons for rejecting Dr. Escobar's opinion that Aragon was unable to perform even sedentary work and for finding Aragon not entirely credible regarding the limiting effect of his pain. Despite those findings, the ALJ found the claimant was more limited than Dr. Thrasher concluded based, in part, on the lay witness testimony. The ALJ did not error in his consideration of the lay witness statements.

R & R, p. 14. The Court will adopt this portion of the Report and Recommendation.

*Credibility of Aragon*

As stated by the magistrate judge, the ALJ set forth specific findings in justification of the decision finding Aragon not fully credible. As stated by the magistrate judge, "[c]redibility determinations are the province of the ALJ, even if other record evidence could by used to justify a contrary conclusion: '[w]here, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.'" R & R, p. 17, *citing Fair v. Bowen*, 885 F.2d 603, 604 (9th Cir. 1989). Unlike in *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), the ALJ did not ignore medical evidence without explanation; rather the ALJ specifically set forth reasons based on the evidence before him. *See* R & R, pp. 16-17 (discussion regarding ALJ's finding regarding credibility). The Court will adopt this portion of the Report and Recommendation.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 19) is ADOPTED.
2. Plaintiff's request for reversal of the Commissioner's decision and remand (Doc. 16) is DENIED.
3. The decision of the ALJ/Commissioner is AFFIRMED.
4. Judgment is awarded in favor of Defendant and against Plaintiff.
5. The Clerk of the Court shall enter judgment in this case and shall then close its file in this matter.

DATED this 3rd day of January, 2012.

_____
Cindy K. Jorgenson
United States District Judge

- 9 -